```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

vs.                                              3:06-cr-155-J-33MMH

ORESTES ARMENTEROS
_____

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss for Improper Venue (Doc. # 25), filed on November 7, 2006. The Government's Response (Doc. # 29) was filed on November 22, 2006. For the reasons stated herein, Defendant's Motion is due to be denied.

Defendant requests that this Court enter an Order dismissing the indictment for improper venue. The indictment charges Defendant with having received, possessed, concealed, and stored a 31' Contender vessel that had crossed a state boundary after being stolen. After it was stolen, and with Defendant's knowledge that it was stolen, the vessel subsequently was brought into the State of Florida and transported through this District to Defendant's residence in Hialeah, Miami-Dade County. The vessel was seized at Defendant's home in Miami-Dade County.

Defendant argues that because the vessel was seized at his home in Miami-Dade County, and because he is charged with possession rather than another offense such as transportation, aiding and abetting the transportation, or aiding and abetting the

possession of the vessel, venue is only proper in the Southern District of Florida. Defendant supports this contention by citation to United States v. Brantley, 733 F.2d 1429 (11th Cir. 1984) and United States v. Long, 866 F.2d 402 (11th Cir. 1989).

The Government's Response notes that Brantley and Long do not govern the issue of venue in this case because they are drug cases that dealt with possession with the intent to distribute. Furthermore, the Government contends that because Defendant is charged with a violation of 18 U.S.C. § 2315, venue is properly determined by reference to 18 U.S.C. § 3237(a). See United States v. Melia, 741 F.2d 70 (4th Cir. 1983)(violations of § 2315 are governed by the venue provisions in § 3237); United States v. DeKunchak, 467 F.2d 432 (2d Cir. 1972)(same). Section 3237(a) states that an offense involving the transportation of an object in interstate commerce is a continuing violation that may be prosecuted "in any district from, through, or into which such commerce . . or imported object . . . moves." 18 U.S.C. § 3237(a). The Government asserts that it will prove at trial that the vessel was transported through the Middle District of Florida after it was stolen; thus, for the reasons stated in the Government's Response, this Court finds that venue in the Middle District of Florida is proper.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

-2-

Defendant's Motion to Dismiss for Improper Venue (Doc. # 25) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>24th</u> day of November, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

AUSA
Counsel of Record